## (March 26, 1981)

■ In the Matter of the Estate of RUTH REGNANTE, Deceased. JAMES REGNANTE, Appellant; RUTH PALMER, Respondent. — Appeal from a decree of the Surrogate's Court of Otsego County, entered December 29, 1978, which finally and judicially settled and allowed the accounts of the executrix. Petitioner's contention that his claim for $4,509.65 for alleged medical and transportation expenses incurred by or on behalf of the deceased should have been allowed is without merit. The evidentiary rulings made by the

Surrogate excluding his testimony pertaining to this claim were proper under the restrictions contained in the Dead Man's Statute (CPLR 4519). Petitioner's proffered testimony concerned a personal transaction with the deceased and came within the exclusion of CPLR 4519. Petitioner's argument that the Surrogate erred in not requiring the real property to be sold prior to payment of the specific bequest to him is rejected. He was paid the full amount of the bequest, namely $1,000, less a $300 deduction allowed as his share of the compensation paid to the special guardian. We have examined petitioner's other allegations of error and find them to be without merit. The decree of the Surrogate's Court should be affirmed. Decree affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.